IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CRYSTAL P. GRANT,
        Plaintiff,

v.                              Civil Action No. 3:19-cv-70

SOUTHSIDE REGIONAL JAIL, et al.,
        Defendants.

## OPINION

In this § 1983 action, Crystal P. Grant, a former employee of Southside Regional Jail (the "Jail"), alleges that the defendants[1] fired her based on trumped-up charges of misconduct and in violation of her due process rights. The defendants have moved to dismiss for failure to state a claim. Because Grant has failed to show that she had a property interest in her continued employment with the Jail, the Court will grant the motion to dismiss.

## I. FACTS ALLEGED IN THE COMPLAINT

The events giving rise to this case began in 2015 with a dispute involving Lieutenant Portray Temple, Grant's co-worker at the Jail. Grant says that Temple "initiated a campaign of retaliatory behavior against Grant designed to adversely affect [her] employment with [the Jail]." (Dk. No. 1, at ¶ 19.) Temple "shut Grant's arm in a paper pass door in 2015," "initiated baseless complaints against [her]," and caused "improper disciplinary actions to be imposed against [her]." (*Id.* at ¶ 32.) Temple also unsuccessfully sued Grant for defamation.

In 2016, the defendants and Temple "implemented a campaign of initiating pretextual investigations" to try to find cause to fire Grant. (*Id.* at ¶ 23.) The ultimate incident leading to the

---

[1] Because Grant concedes that she has no cause of action under § 1983 against Southside Regional Jail (as opposed to Southside Regional Jail Authority), the Court will dismiss with prejudice Southside Regional Jail as a defendant.

defendants' decision to fire Grant arose from a verbal altercation between two other employees on January 7, 2017. In a meeting with Captain Anthony Johnson, Grant falsely said that she had not discussed the incident with Officer Kent Hopson. The defendants then fired Grant effective January 31, 2017.

On February 10, 2017, Grant challenged her dismissal pursuant to the Jail's grievance procedure. A panel heard her case on March 29, 2017. The hearing was not recorded, the Jail did not call any witnesses, and Grant was not allowed to call witnesses or introduce evidence. The panel upheld Grant's termination on May 1, 2017.

Grant then challenged the panel's decision in the Greensville Circuit Court. The defendants[2] filed a plea in bar. The court dismissed Grant's case with prejudice, finding that Grant was not entitled to the protections of various provisions of the Virginia Code because the Jail does not qualify as a "locality" under Virginia Code § 15.2-1506. Grant appealed to the Supreme Court of Virginia, which declined to hear her appeal. She then filed this action. Her complaint alleges that the defendants denied her due process pursuant to 42 U.S.C. § 1983. The defendants have moved to dismiss for failure to state a claim, arguing that Grant did not have a property interest in her continued employment with the Jail.

## II. DISCUSSION[3]

"The first question in any procedural due process analysis is whether the plaintiff has been deprived of a liberty or property interest protected by the Fourteenth Amendment because the

---

[2] The defendants in that case were Southside Regional Jail and Southside Regional Jail Authority.
[3] The defendants have moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards*

2

requirements of procedural due process only apply when such protected interests are implicated." *Davis v. Rao*, 982 F. Supp. 2d 683, 688 (E.D. Va. 2013), *aff'd*, 583 F. App'x 113 (4th Cir. 2014). Without a protected liberty or property interest, a fired employee fails to state a claim for deprivation of due process under 42 U.S.C. § 1983. *Socol v. Albemarle Cty. Sch. Bd.*, No. 3:18-cv-90, 2019 WL 2610117, at *5-6 (W.D. Va. June 25, 2019). Here, Grant argues that she had a property interest in her continued employment with the Jail, entitling her to due process protections.

An employee has a property interest in continued employment only when the employee has "a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577; *Royster v. Bd. of Trs. of Anderson Cty. Sch. Dist. No. Five*, 774 F.2d 618, 621 (4th Cir. 1985). Property interests arise from sources outside the Constitution, such as state law. *Roth*, 408 U.S. at 577. In other words, "[w]hether a plaintiff has a protectable property interest under the Due Process Clause turns upon the plaintiff's property rights under state law." *Foreman v. Griffith*, 81 F. App'x 432, 436 (4th Cir. 2003). "If an employee is terminable at will under state law, then [s]he has no protected property interest in continued employment." *Socol*, 2019 WL 2610117, at *6.

Grant argues that at-will employment is the "exception" in the public employment context, and that "the at-will employment doctrine . . . almost exclusively applies to private sector employees." (Dk. No. 5, at 5.) The Supreme Court of Virginia, however, has applied the at-will presumption to public employees, stressing that "Virginia strongly adheres to the common law

---

*v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

3

employment-at-will doctrine."[4] *Cty. of Giles v. Wines*, 262 Va. 68, 72, 546 S.E.2d 721, 723 (2001); *see also Johnston v. William E. Wood & Assocs., Inc.*, 292 Va. 222, 225, 787 S.E.2d 103, 104 (2016) ("The at-will doctrine constitutes a cornerstone of the Commonwealth's employment law."). Public employees in Virginia are not immune from the at-will presumption.[5]

An employee may rebut the at-will presumption by showing "sufficient evidence . . . that the employment is for a definite, rather than an indefinite, term." *Wines*, 262 Va. at 72, 546 S.E.2d at 723. For example, a contract "stat[ing] that an employee 'will not be disciplined or dismissed from [employment] without a just cause' create[s] a definite term for the duration of the employment." *Id.* (second alteration in original) (quoting *Norfolk S. Ry. Co. v. Harris*, 190 Va. 966, 976, 59 S.E.2d 110, 114 (1950)).

In this case, Grant primarily relies on two sources to show that she had a property interest in continued employment with the Jail: (1) various provisions of the Virginia Code requiring certain state entities to create employee grievance procedures, and (2) the specific grievance procedures set forth in the Jail's personnel manual. Unfortunately for Grant, neither rebuts the presumption of at-will employment.

---

[4] Grant argues that she had a property interest in her continued employment with the Jail simply because the Jail is a public employer and qualifies as a "locality" under Virginia law. The at-will presumption, however, applies to public and private employees in Virginia. Moreover, as the Court explains below, Grant cannot relitigate the decision of the Greensville Circuit Court that the Jail does not qualify as a "locality" under Virginia Code § 15.2-1506.

[5] The Fourth Circuit's decision in *Detweiler v. Commonwealth of Va. Dep't of Rehab. Servs.*, 705 F.2d 557 (4th Cir. 1983), does not stand for the proposition that all nonprobationary public employees in Virginia have a property interest in continued employment. Instead, the court held that certain statutes, administrative rules, and policy statements, "when read together," conferred a property interest in continued employment to the plaintiff in that case.

## A. Statutory Grievance Procedures

First, Grant argues that Virginia law requires the Jail to establish employee grievance procedures, thus creating a property interest. Section 15.2-1506 of the Virginia Code requires "every locality which has more than fifteen employees" to establish a grievance procedure. Va. Code Ann. § 15.2-1506. If such a "locality" fails to establish a procedure, that entity "shall be deemed to have adopted a grievance procedure which is consistent with the provisions of Chapter 30 (§ 2.2-3000 *et seq.*)."[6] *Id.* § 15.2-1507. Grant contends that § 15.2-1506 requires the City of Emporia and the County of Greensville to establish a grievance procedure. Grant argues that because the Jail is a political subdivision of the City of Emporia and the County of Greensville, it must also establish a grievance procedure under the Dillon Rule.

The Greensville Circuit Court, however, has already rejected Grant's argument. When Grant appealed the decision of the Jail's panel to uphold her termination, the defendants filed a plea in bar, arguing that the Jail does not qualify as a "locality" under Virginia law. The court agreed with the defendants, finding "that Plaintiff is not entitled to the grievance procedure in Virginia Code § 15.2-1507, on the grounds that Southside Regional Jail Authority is not a 'locality' within the meaning of Virginia Code § 15.2-1506. Moreover, Virginia Code § 2.2-3000, *et seq.* also does not apply for the same reasons." (Dk. No. 4-3, at 1.) The court then dismissed the case with prejudice.

Under the doctrine of collateral estoppel, federal courts must give state court judgments the same preclusive effects that they would have in state court. *Pignato v. Commonwealth of Va. Dep't of Envtl. Quality*, 948 F. Supp. 532, 538 (E.D. Va. 1996). Virginia law, therefore, governs the preclusive effect of a judgment of a Virginia court. *See id.*

---

[6] Section 2.2-3000, *et seq.*, establishes grievance procedures for state employees.

5

"Collateral estoppel, or issue preclusion, as applied in Virginia, prevents a party from relitigating issues that have been actually decided in, and which were necessary to, a prior judgment." *Id.* "Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Lee v. Spoden*, 290 Va. 235, 246, 776 S.E.2d 798, 803 (2015). For issue preclusion to apply in Virginia,

> (1) the parties [or their privies] to the two proceedings must be the same, (2) the issue of fact sought to be litigated must have been actually litigated in the prior proceeding, (3) the issue of fact must have been essential to the prior judgment, and (4) the prior proceeding must have resulted in a valid, final judgment against the party against whom the doctrine is sought to be applied.

*Lane v. Bayview Loan Servicing, LLC*, 831 S.E.2d 709, 714 (Va. 2019).[7]

Issue preclusion prevents Grant from relitigating her entitlement to a grievance procedure under the Virginia Code. First, the parties or their privies in this case are the same as in the state court action because the Jail and the superintendent defendants here are united in interest. *See Lane v. Bayview Loan Servicing, LLC*, No. 180979, 2019 WL 3955445, at *4 (Va. Aug. 22, 2019) ("[P]rivity exists where "a party's interest is so identical with another that representation by one party is representation of the other's legal right."). Second, the issue was actually litigated in state court because Grant and the Jail disputed it through a contested plea in bar. *Cf. TransDulles Ctr., Inc. v. Sharma*, 252 Va. 20, 23-25, 472 S.E.2d 274, 275-77 (1996) (holding that issues were "actually litigated" in the context of a default judgment). Third, the issue was essential to the judgment because the plea in bar turned on whether the provisions of the Virginia Code applied to the Jail. Finally, the prior action resulted in a valid and final judgment, from which Grant appealed

---

[7] The Court "assume[s] . . . that Virginia would apply issue preclusion to [a] question of law." *Hately v. Watts*, 917 F.3d 770, 778 (4th Cir. 2019) (citing *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917, 921 n.6 (1974)).

to the Supreme Court of Virginia.[8] Grant cannot now relitigate her entitlement to the grievance procedures set forth in the Virginia Code.

## B. The Personnel Manual

Grant also argues that the grievance procedure set forth in the Jail's personnel manual rebuts the at-will presumption, but the grievance procedure itself does not create a property interest. *See Davis v. Rao*, 982 F. Supp. 2d 683, 689 (E.D. Va. 2013), *aff'd*, 583 F. App'x 113 (4th Cir. 2014) ("The Fourth Circuit has . . . indicated that at-will employees have no protectable property interest in procedure itself."). The grievance procedure in the Jail's personnel manual does not rebut the at-will presumption.

Moreover, an employer must make an unequivocal statement that it will discharge employees only for just cause to rebut the at-will presumption. *Wines*, 262 Va. at 72-73, 546 S.E.2d at 723. A statement that the employee "may" be discharged for just cause is insufficient. *Id.* ("This sentence does not state that an employee *shall only* be discharged for inefficiency, insubordination, misconduct, or other just cause; nor does it state that an employee will not be discharged without just cause.").

Grant does not point to any statement in the personnel manual providing that the Jail would fire her only for cause. Quite the opposite: the personnel manual states that "[e]mployees of the [Jail] are 'at will' employees," and that the Jail and its employees have the right "to terminate employment at any time, with or without notice." (Dk. No. 3-1, at 8, 152.) Grant points to a provision in the personnel manual to argue that the Jail "tacitly acknowledges its employees have

---

[8] "[A] judgment, order or decree is final if it disposes of the entire matter before the court, including all claim(s) and all cause(s) of action against all parties, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution of the court's judgment, order or decree." Va. Sup. Ct. R. 1:1.

a property interest in their employment . . . because [the Jail] may transfer or reassign its employees to positions with Emporia and Greensville as it sees fit." (Dk. No. 5, at 7.) That provision falls far short of rebutting the at-will presumption. *See Socol*, 2019 WL 2610117, at *7 (finding that neither an oral agreement promising the employee continued employment nor a termination policy stating that the employee "may" be dismissed "for good cause" created a property interest in continued employment). In sum, Grant has not pointed to any independent source that creates a property interest. Accordingly, she cannot invoke due process protections.

### III. CONCLUSION

Because Grant has failed to plead facts showing that she had a property interest in her continued employment with the Jail, the Court will grant the motion to dismiss.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 2 October 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge